NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NUZZIO BEGAREN,

Petitioner-Appellant,

v.

SECRETARY OF CORRECTIONS, (CDCR),

Respondent-Appellee.

No.   20-55949

D.C. No.
8:17-cv-02178-DMG-SHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 15, 2022
Pasadena, California

Before:  SMITH,[**] BADE, and LEE, Circuit Judges.

Petitioner Nuzzio Begaren was convicted in California state court of conspiracy to commit murder and the first-degree murder of his wife, Elizabeth Begaren.  Petitioner unsuccessfully pursued direct and collateral relief in the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

California courts. Pursuant to 28 U.S.C. § 2254, he filed a petition for habeas relief in District Court. The District Court denied his petition, and he appealed. For the reasons stated below, we affirm the District Court's denial of habeas relief.

We review the District Court's decision de novo. *Noguera v. Davis*, 5 F.4th 1020, 1034 (9th Cir. 2021). Our review is constrained by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). Under AEDPA, we defer to a state court's decision on any claim that was adjudicated on the merits unless the decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. When, as here, a state court has ruled on the claims presented in the petition without issuing a reasoned opinion, the petitioner satisfies the "unreasonable application prong" of § 2254(d)(1) by demonstrating that there was "no reasonable basis" for the state court's decision. *Noguera*, 5 F.4th at 1034 (internal quotation marks omitted) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 187–88 (2011)). In other words, we "must determine what arguments or theories . . . could have supported[] the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* (alterations in original) (quoting

2

*Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

1.  To establish a violation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a petitioner must demonstrate that the prosecution or its agents suppressed evidence favorable to the petitioner, and the suppression of that evidence must have prejudiced the petitioner's case. *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015). To determine whether the suppression of favorable evidence was prejudicial, we consider "whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Strickler v. Greene*, 527 U.S. 263, 290 (1999) (internal quotation marks omitted) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).

Petitioner asserted a *Brady* violation based on the state's failure to disclose the use of an informant to interview Rudy Duran. But the California Supreme Court could have reasonably determined that the failure to disclose this evidence did not prejudice Petitioner. The jury was already given ample reason to distrust Duran; during cross-examination, Duran admitted that he expected favorable treatment from the state for his testimony and that his trial testimony contradicted his prior statements to police. Moreover, Duran's statement to the informant was consistent with Duran's testimony at trial. Finally, Duran's testimony was corroborated by the phone bill Petitioner threw out in 1998.

Additionally, the state court could have reasonably determined that no *Brady*

violation occurred when the state failed to provide the defense with the plea deals entered by Duran, Jose Sandoval, and Guillermo Espinoza. Those deals were completed after trial, so they could not have been suppressed and do not undermine our confidence in the verdict. *See Strickler*, 527 U.S. at 282–83, 290.

2. For Petitioner to prevail on his claims of ineffective assistance of counsel, his counsel must have performed "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Further, that failure must have prejudiced Petitioner. *Id.* at 691–92.

The California Supreme Court could have reasonably concluded that Petitioner's trial counsel was not ineffective for failing to cross-examine Detective Wyatt about the circumstances of Raphael Miranda's confession, in particular Miranda's allegation that it was coerced. There is no indication that trial counsel was, or should have been, aware of Miranda's allegations, or that counsel had any reason to investigate Miranda's confession. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1996). Even if counsel had attempted to introduce this evidence, the California Supreme Court could have reasonably concluded that the trial court would have excluded the evidence as improper character evidence or for creating a "substantial danger of . . . confusing the issues." *See* Cal. Evid. Code §§ 352, 1101(b). Thus, the state court could have reasonably concluded that, even if trial counsel performed deficiently, Petitioner was not prejudiced.

4

The California Supreme Court could also have reasonably held that Petitioner's trial counsel was not ineffective for not objecting to the admission of Angelica Begaren's statements to the police. It appears that counsel made a strategic decision to allow her statements into evidence, and we will not second-guess trial counsel's decision. *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009). Furthermore, the admission of her statements did not prejudice Petitioner. They actually corroborated his version of events and contradicted Sandoval's and Duran's testimony—the prosecution's "star" witnesses.

Finally, because Petitioner's claims all fail, appellate counsel's decision not to raise them on direct appeal was not ineffective. *See Bailey v. Newland*, 263 F.3d 1022, 1033–34 (9th Cir. 2001) (holding appellate counsel is ineffective only if they fail to raise a "winning issue" on direct appeal). As such, the California Supreme Court reasonably rejected Petitioner's claims of ineffective assistance of counsel.

**AFFIRMED.**